[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-13362 & 11-11248

_____

Agency No. A099-555-193

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2011
JOHN LEY
CLERK

ADOLFO JOSE FERNANDEZ GUTIERREZ,
MARIANA CAROLINA MOLERO-NEGRETTE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(September 19, 2011)

Before HULL and FAY, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____

*Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

In these consolidated petitions, Adolfo Jose Fernandez Gutierrez and his wife, Mariana Carolina Molero-Negrette, petition for review of (1) the Board of Immigration Appeals' ("BIA") denial of their motion to reopen asylum proceedings and (2) the BIA's subsequent denial of their motion for reconsideration.[1] See 8 U.S.C. § 1229a(c)(6), (7); 8 C.F.R. § 1003.2. Although conceding that the motion to reopen was untimely, Gutierrez argues that the BIA abused its discretion because he submitted previously unavailable evidence showing a material change in country conditions. Gutierrez further argues that the BIA abused its discretion by refusing to address all of the arguments in the motion for reconsideration. After review, we deny the petitions.[2]

## I. FACTUAL BACKGROUND

### A. Removal Proceedings

Gutierrez and Molero-Negrette, both natives and citizens of Venezuela, entered the United States in 2005 on non-immigrant B-2 visas. They subsequently

---

[1]Molero-Negrette did not file an independent asylum application; her claim is derivative to her husband's. 8 U.S.C. § 1158(b)(3)(A).

[2]We review for abuse of discretion the BIA's denial of a motion to reopen. Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir. 2008). We likewise review for abuse of discretion the BIA's denial of a motion for reconsideration. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to whether the BIA exercised its discretion in an arbitrary and capricious manner. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

applied for asylum based on past and possible future persecution for their political beliefs. According to their application, Gutierrez and Molero-Negrette are members of the Primero Justicia ("First Justice") political party, which actively opposes the regime of Venezuelan President Hugo Chavez. As a result of their political opinion and activism, Gutierrez and Molero-Negrette have suffered threats, harassment, and violence at the hands of Chavez supporters—specifically members of groups such as the Bolivarian Circles and United Socialist Party of Venezuela. Following a removal hearing in which Gutierrez and Molero-Negrette testified and conceded removal, the Immigration Judge ("IJ") denied their asylum application on the basis of an adverse credibility determination. The BIA affirmed on May 29, 2009. A petition for review was filed, and this Court affirmed the denial of Gutierrez and Molero-Negrette's asylum application. See Gutierrez v. U.S. Att'y Gen., 369 F. App'x 74 (11th Cir. 2010).

**B. The Motion to Reopen**

On February 1, 2010, Gutierrez and Molero-Negrette moved the BIA to reopen their removal proceedings. The motion was supported by various materials, including news articles describing recent violence against the Venezuelan political opposition and several signed and witnessed affidavits describing recent instances of particularized threats and harassment directed

3

toward Gutierrez's family that remained in Venezuela. For example, two affidavits averred that Molero-Negrette's cousin's husband was kidnapped by anti-opposition forces looking for Gutierrez. Another affidavit described an incident in which Molero-Negrette's father was shot in the arm while disrupting the attempted kidnapping of Molero-Negrette's sister, who had been mistaken for Molero-Negrette. The other affidavits further describe an ongoing pattern of threats and intimidation from anti-opposition forces searching for Gutierriez and Molero-Negrette.

Gutierrez conceded that the motion to reopen was untimely and filed more than ninety days after the final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i). Nevertheless, Gutierrez argued that the affidavits and supporting materials established "changed country conditions" in Venezuela sufficient to circumvent the time limit on a motion to reopen. See id. § 1229a(c)(7)(C)(ii). After describing the new evidence submitted with the motion to reopen, the BIA found that the evidence "fail[ed] to demonstrate that [Gutierrez] now faces a materially greater risk of harm if he returns to Venezuela than at the time of his hearing in 2005."[3] The BIA therefore found that Gutierrez had failed to identify any changed country condition and that the motion to reopen

---

[3] The BIA's reference to 2005 is erroneous. The removal hearing occurred in 2008.

4

was untimely. Gutierrez and Molero-Negrette timely petitioned for review of the denial of the motion to reopen.

## C. The Motion for Reconsideration

Shortly after petitioning this Court for review of the BIA's denial of the motion to reopen, Gutierrez and Molero-Negrette also moved for reconsideration before the BIA. In the motion for reconsideration, Gutierrez and Molero-Negrette iterated their argument that they had established changed country conditions in Venezuela and asserted that the BIA had misconstrued much of their evidence.

In February 2011, the BIA denied the motion for reconsideration. The BIA stated:

> [Gutierrez and Molero-Negrette] allege that all of the evidence presented in support of reopening did not pertain to events prior to the hearing below, but this assertion is not inconsistent with the language of the Board's decision. The Board in denying reopening indicated some declarations described events prior to the respondents' departure from Venezuela and considered other evidence presented. We do not find the evidence was mischaracterized in our June 24, 2010, decision [denying the motion to reopen]."

Gutierrez and Molero-Negrette timely petitioned for review of the BIA's denial of the motion for reconsideration.

## II. DISCUSSION

## A. The BIA's Denial of the Motion to Reopen

5

An alien may file one motion to reopen in removal proceedings before the BIA. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(a), (c). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). Further, "[a] motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This 90-day requirement is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). Nevertheless, the 90-day limitation does not apply if the motion to reopen establishes "changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To establish changed country conditions, the motion to reopen must be based on material evidence that was not available and could not have been discovered or presented at the previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the BIA determined that Gutierrez and Molero-Negrette failed to show that the conditions in Venezuela had changed since the removal hearing. In the motion to reopen, Gutierrez essentially concedes the point:

6

> [Gutierrez and Molero-Negrette] have attached for review[] new affidavits from real witnesses to the persecution [Gutierrez and Molero-Negrette] *continue to suffer* at the hands of the Venezuelan government. These affidavits attest to the fact that due to [Gutierrez's] past political activities against President Chavez, *he is still a hunted man*. The affidavits reflect that government agents *continue to seek out* [Gutierrez] for questioning, harassment and persecution because of his political ideology and past political activities.

Motion to Reopen Asylum Case, Nos. A 099-555-193, A 099-555-194 (Feb. 2010) (emphasis added). Stated differently, the evidence showed new iterations of threats and harassment of similar kind and magnitude suffered before the removal hearing. We agree with the BIA that the motion to reopen is not based on changed conditions in Venezuela, but merely an attempt to relitigate Gutierrez's original claim—albeit with newer evidence.

Additionally, we reject, as belied by the record, Gutierrez's arguments that the BIA failed to consider all of the evidence and failed to consider the evidence pertaining to Molero-Negrette. The BIA need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but [the BIA] must consider the issues raised and announce [its] decision in terms sufficient to enable a reviewing court to perceive that [the BIA has] heard and thought and not merely reacted." Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948

7

(11th Cir. 2010) (alteration and quotation omitted). The BIA's order reviews much of the evidence submitted with the motion to reopen, including the declaration that Molero-Negrette's sister was kidnapped because she was mistaken for Molero-Negrette. Although the BIA did not specifically address each affidavit and newspaper article submitted, the BIA's order shows that the BIA considered all of the evidence attending the motion to reopen. Under these circumstances, the BIA did not abuse its discretion by refusing to consider all of the evidence presented in the motion to reopen.

## B. The BIA's Denial of the Motion for Reconsideration

A properly presented motion for reconsideration "shall state the reasons for the motion by specifying errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). However, "a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (alterations and quotation marks omitted).

In the motion for reconsideration, Gutierrez and Molero-Negrette merely iterated their argument that they had shown that the conditions in Venezuela had worsened, and they asserted that the BIA erred in concluding that some of the

8

evidence described events that occurred prior to the removal hearing.  But, as the BIA noted in denying the motion for reconsideration, the fact that some of the evidence was not new was not inconsistent with the BIA's conclusion that <u>all</u> of the evidence failed to show a material change in the conditions in Venezuela. Given our conclusion that the BIA did not abuse its discretion by denying the motion to reopen, we likewise conclude that the BIA did not abuse its discretion by denying the motion to reconsider.

**PETITIONS DENIED.**